| | |
|---|---|
| 67 | 71 |
| 131 | 393 |
| 67 | 71 |
| 141 | 647 |
| 141 | 652 |
| 142 | 257 |
| 67 | 71 |
| 148 | 565 |
| 148 | 567 |
| 148 | 572 |

THE STATE, EX REL. DICKERSON, *v.* HARRISON.

COMMON SCHOOL LAW.—*County Superintendent.—Act to amend an Amended Act Void.*—So far as section 1 of the act of March 9th, 1875, Acts 1875, Reg. Sess., p. 131, attempted to amend section 33 of the act of March 6th, 1865, 3 Ind. Stat. 450, providing for a general system of common schools, after said section 33 had been amended by section 2 of the act of March 8th, 1873, Acts 1873, p. 75, it is void both as an amendment and as an original act; and said section 2 of the act of 1873, which is reprinted as section 33 of the present school law, 1 R. S. 1876, p. 789, is the law in force upon the subject-matter thereof.

The State, *ex rel.* Dickerson, *v.* Harrison.

SAME.—*Term of Office of Superintendent.*—*Apppointment of Successor.*—*Quo Warranto.*—By said section 33 of the school law, as it now stands, the official term of a county school superintendent elected thereunder on the first Monday of June, 1877, would not expire until his successor was appointed and qualified, unless he should die, resign, or be removed by the board of county commissioners; and if neither of these contingencies has occurred, the appointment of another person to the same office by the township trustees, upon notice by the county auditor, made on a day other than the first Monday of June, 1879, was invalid, and an information by such person, requiring the superintendent to show by what authority he held such office, etc., would not lie.

From the Boone Circuit Court.

*W. B. Walls, S. Neal* and *S. Buchanan,* for appellant.

*C. S. Wesner, R. W. Harrison* and *R. S. Higgins,* for appellee.

BIDDLE, J.—The State of Indiana, on the relation of the appellant, brings this information against the appellee, averring the following facts:

That, on the 4th day of June, 1877, Thomas H. Harrison was duly appointed by the township trustees of the several townships of Boone county, in the State of Indiana, county superintendent for the said county of Boone; that he was duly commissioned by the auditor of said county, gave bond, took the oath of office, and entered upon its duties; that Boone county has twelve townships, and twelve township trustees, and no more; that, on the first Monday of June, 1879, all of the township trustees of the said several townships met at the auditor's office, in said county, for the purpose of appointing a county superintendent for said county, to succeed the said Harrison, organized, and proceeded to ballot, and after balloting one hundred and eighteen times, without being able to choose a superintendent, upon the next morning adjourned without day, separated and refused to appoint any superintendent for said county; that afterwards, on the 5th day of June, 1879, the county auditor issued a notice to said

trustees, notifying them to meet on the 16th day of June, 1879, at the auditor's office, in said county, for the purpose of appointing a county superintendent for said county; that, in pursuance of said notice, eleven of said trustees, on the 16th day of June, 1879, met at the auditor's office, organized, and were proceeding to appoint a superintendent, when three of said trustees left the room and refused to participate in said appointment, whereupon the remaining eight trustees proceeded to appoint a superintendent, and did appoint William H. Dickerson, who is, and has been during the last forty years, a resident and citizen of Boone county, and is a male person over the age of twenty-one years, of good moral character, and eligible to the office of county superintendent for said county of Boone; that on the 24th day of June, 1879, he was duly commissioned as such superintendent, took the oath of office, and filed his bond according to law; that on the 22d day of July, 1879, the said relator demanded the office of county superintendent of the said Harrison, that he should surrender the same to the relator, with the books and papers belonging to said office; that Harrison refused and still refuses to comply with said demand, but usurped and intruded into said office of county superintendent, and still unlawfully holds and exercises the same. Wherefore, etc.; prayer, etc., that Harrison be compelled to show by what authority he holds the said office, etc.

To this information a demurrer, alleging the insufficiency of the facts stated to constitute a cause of action, was sustained, and judgment rendered for the appellee. This ruling is presented as the sole question in the case for our decision.

Section 33 of the original act of March 6th, 1865, providing for a general system of common schools, 3 Ind. Stat. 450, required the board of county commissioners, triennially, to appoint a school examiner for their respective counties,

and prescribed his duties. Section 2 of the act of March 8th, 1873, Acts 1873, p. 75, amends section 33 of the act of March 6th, 1865, and requires the township trustees of the several townships of the county to appoint a county superintendent, whose official term shall expire as soon as his successor is appointed and qualified, and declares that the duties required of the school examiner shall thereafter be performed by the county superintendent; and also enacts that:

"Whenever a vacancy shall occur in the office of county superintendent, by death, resignation or removal, the said trustees, on the notice of the county auditor, shall assemble at the office of such auditor and fill such vacancy for the unexpired portion of the term, in the manner herein provided, and the county auditor shall be clerk of such election in all cases, and give the casting vote in case of a tie, and shall keep the record of such election in a book to be kept for that purpose."

By section 1 of the act of March 9th, 1875, Acts 1875, p. 131, the Legislature undertook to amend section 33 of the original act of March 6th, 1865, after it had been amended by section 2 of the act of March 8th, 1873, and was therefore not in force. The act of March 9th, 1875, so far as it undertakes to amend section 33 of the act of March 6th, 1865, is void, both as an amendment and as an original act. *Draper* v. *Falley*, 33 Ind. 465; *Blakemore* v. *Dolan*, 50 Ind. 194.

Section 2 of the act of March 8th, 1873, therefore, which is reprinted as section 33 of the present school law, 1 R. S. 1876, p. 789, is the law at present in force, and which has been in force since 1873. By this act, it seems by the information before us, that the appellee in the present case was duly appointed county superintendent on the first Monday of June, 1877. Indeed, we believe, this point is not in dispute between the parties. By the

same section his official term will not expire until his successor is appointed and qualified, unless he is removed by the board of county commissioners, or dies, or resigns. As it does not appear that either of these contingencies has occurred, the appointment of the appellant to the same office, upon notice by the county auditor, not having been made on the first Monday of June, 1879, is invalid and of no effect.

The judgment of the circuit court is therefore right, and is affirmed, at the costs of the appellant.