The State, *ex rel.* Walden, *v.* Vanosdal.

Judgment affirmed.

Filed April 21, 1892.

---

No. 15,780.

## THE STATE, EX REL. WALDEN, *v.* VANOSDAL.

COUNTY SUPERINTENDENT.—*Election of.*—*Township Trustees.*— *Quorum.*— *Members Present Declining to Vote.*—Where the township trustees of a county, six in number, met on the day appointed by statute for them to do so, to elect a county superintendent, and after perfecting their organization, proceeded to ballot for such officer, and after a number of ballots had been taken, without an election, three of the trustees, after protesting against further balloting, stepped from the part of the room occupied by them and mingled with the spectators, and thereafter another ballot was taken, said withdrawing trustees still remaining in the room but not voting, and the other three trustees cast their votes for the appellee, he was legally elected to the office of county superintendent if the requirements of the law were complied with in other particulars. There was no such absence of the three trustees as can be said to have broken a quorum. Being present it was their duty to act. The presiding officer had a right to treat them as part of the board, to treat them as present and failing or refusing to vote.

SAME.—*Election of After Midnight*—*Validity of.*—Where the township trustees of a county met on the first Monday of June, as required by section 4424, R. S. 1881, to elect a county superintendent, and organized and proceeded to the election, they had the right, and it was their duty

to complete the work for which they were convened, and the fact that they were unable to complete their work before the hour of twelve o'clock at night did not invalidate their acts done after that hour.

From the Switzerland Circuit Court.

*C. S. Tandy, G. S. Pleasants* and *F. M. Griffith,* for appellant.

*W. T. Ward, J. A. Works, J. A. Vanosdal* and *J. T. Ellis,* for appellee.

OLDS, J.—This is an action brought by the relator, Marion C. Walden, against the appellee, James A. Vanosdal, to determine the title to the office of county school superintendent.

The relator filed a complaint in four paragraphs. The first and second paragraphs were withdrawn by leave of court, and a demurrer was sustained to the third and fourth paragraphs. The ruling upon the demurrer to the complaint is assigned as error, and presents the questions for decision.

The relator was elected county school superintendent in June, 1887, and. claims title to the office by reason of holding over after the time for the election of his successors in 1889. And the appellee claims title to the office by virtue of an election by the township trustees in 1889.

The relator alleges facts in each of the third and fourth paragraphs of the complaint which he contends show that the appellee was not elected in 1889, nor was any person elected to succeed the relator.

The facts in the third paragraph show that in said county of Switzerland there were six township trustees; that they all met at the auditor's office in said county on the first Monday of June, 1889, and elected one of their number president, and determined to elect a county school superintendent by ballot, and they commenced balloting, and balloted 236 times, there being six votes cast each time, the highest for any one candidate being three, and on the 237th ballot the appellee received three votes, and no votes were cast for any other candidate, and the president declared him elected. One

of the trustees not voting said: " Mr. Clerk, we protest against the proceedings, and demand that the record so show."

The fourth paragraph shows the same state of facts, and in addition alleges that, having been in continuous session from one o'clock P. M. of said day until twelve o'clock at night, and failing to elect, three of the trustees, deeming it of no use to continue balloting, announced that, the hour of midnight of the first Monday of June having passed, they would refuse to act longer, and would take no further part in said proceedings, and said three trustees then withdrew from said meeting by getting up and leaving the place where all of said balloting had taken place, and stepping away therefrom into the crowd of by-standers.

There are other general averments that they had withdrawn, and there was no quorum present, but these specific averments control, and show what was in fact done, and there are averments that the final vote was taken after twelve o'clock at night.

The full number of trustees met and organized, and must be held to be present when the final vote was taken and the appellee declared elected.   There was no such absence of the three trustees as can be said to have broken the quorum. As appears from the facts alleged the meeting was in the auditor's office, and there were bystanders looking on and listening to the proceedings.   The three trustees stepped from the part of the room occupied by them among the by-standers.   They could not change from trustees to mere spectators in the same room when they still had an opportunity to act and vote with the others and thus prevent an election.   Being present it was their duty to act; they were, in fact, present.   The president had a right to treat them as a part of the board, and they must be treated as present and failing or refusing to vote.   The statement to the clerk by one of them that they protested, or that they would take no further part, and stepped out among the bystanders,

amounted to nothing. If the votes cast for the appellee by the other three trustees, all being present, and three failing to vote, elected him, this statement to the clerk did not prevent or nullify such election. If the facts showed that the three trustees had, in fact, withdrawn from the meeting and gone from the room, so as to have, in fact, left but three trustees in session, it would present an entirely different question, but all that can be said to be shown by the facts alleged is, that all of the trustees met and organized and proceeded to an election, and balloted 236 times; that there were bystanders present watching and listening to the proceedings, and after 236 ballots had been taken, without an adjournment, three of the trustees declared their intention not to act further, and stepped from the places they were occupying out among the bystanders, but still in the presence of and in the room with the other trustees, when the president ordered another ballot to be taken. Under these circumstances they must be treated as present and not voting. Being present when the ballot was ordered, if they desired to prevent the election of the appellee, it was their duty to vote. It remains then to determine whether or not the appellee was elected by the three votes cast for him, the other three trustees being present and not voting.

The question as to whether or not the appellee, Vanosdal, was elected, having received a majority of the votes cast, there being a quorum present, has been decided by this court in *Rushville Gas Co.* v. *City of Rushville*, 121 Ind. 206, and *State, ex rel.*, v. *Dillon*, 125 Ind. 65. Under the rule, as laid down by these decisions, it must be held that Vanosdal was duly elected. The principle settled by these decisions is to the effect that the presence of the other trustees suffices to constitute the elective body, and if any of them neglect to vote it is their own fault, and the assembly being sufficient to constitute an elective body, the person receiving a majority of the votes cast is duly elected. In this case four of the trustees would constitute a quorum, but the

full number, six, were present, and three cast their votes for the appellee; the other three refused to vote, and the chairman declared him elected. Under the authorities we have cited he was duly elected, unless the fact that the hour of midnight had arrived terminated all authority of the trustees to act in the matter, and rendered any election after that hour void. We do not think the election invalid on account of having been made after the hour of 12 o'clock at night. The trustees met on the first Monday of June, as required by the statute, section 4424, R. S. 1881, and continued in session until an election was had. Having met and organized on the proper day, and commenced balloting for the election of a county superintendent, they had the right, and it was their duty, to complete the work for which they were convened, and the fact that they were unable to complete their work before the hour of 12 o'clock at night did not invalidate their acts done after that hour. The law imposed upon the trustees the duty of electing a county superintendent, and commanded them to meet on the first Monday in June for that purpose, and having met and organized upon that day, they undoubtedly had the right to continue their session until there was an election, even though their session extended beyond the midnight hour. If they had adjourned without appointing a day to meet again to resume their duties of electing, they would probably have had no authority to have met again for that purpose, as the statute makes no provision for another meeting for such purpose, but as the statute commands the trustees to meet on the first day of June and appoint a county superintendent, if they were unable to complete their work and make an appointment during that day it would seem but a reasonable construction of the statute to permit an adjournment from day to day until an election was had. In such a case they would be compelled to adjourn without performing the duty imposed upon them by statute, or continue their sessions from

day to day until an election was had. *State, ex rel.,* v. *Harrison,* 67 Ind. 71 ; *Sackett* v. *State, ex rel.,* 74 Ind. 486.

The latter case intimates, without deciding, what we regard as the correct rule, that if necessity requires it there may be an adjournment from day to day for the purpose of securing an election, and sustains our holding in this case ; and it is not necessary in this case to hold even that the board may adjourn over, for in this case they continued in session until an election was had.

There was no error in the ruling of the court in sustaining demurrers to the third and fourth paragraphs of complaint.

Judgment affirmed, with costs.

Filed April 29, 1892.