Boring, Auditor, *v.* The State, *ex rel.* Jackson.

Filed June 13, 1895.

———— ·  · ————

No. 17,661.

BORING, AUDITOR, *v.* THE STATE, EX REL. JACKSON.

STATUTE.—*Title of Amending Act.—Insufficiency.—Attempt to Amend Amended Section.—Act March 9, 1895.—Election of County Superintendent of Schools.*—The title of the amending act of March 9, 1895, was "An act to amend section 33 of an act entitled 'An act to provide for a general system of common schools, * * * approved March 6, 1865, and added supplemental sections thereto, approved March 8, 1873, being section 4424 of the Revised Statutes of 1881,'" the enacting clause being: "Section 1. Be it enacted by the General Assembly of the State of Indiana, that section 33 of the above entitled act, being section 4424 of the Revised Statutes of 1881, be and the same is amended to read as follows:" Section 33 of the act of March 6, 1865, was amended by section 2 of the amending act of March 8, 1873.

*Held,* that the amending act of March 9, 1895, does not apply to section 2 of the amending act of 1873, and is void as attempting to amend a section of an act not in existence.

*Held,* also, that referring to the section of the act intended to be amended, as section 4424 of the Revised Statutes of 1881, is not sufficient to identify and make definitely known the section intended to be amended.

From the Hancock Circuit Court.

*W. A. Ketcham,* Attorney-General, *E. W. Felt, U. S. Jackson, S. C. Stimson, R. B. Stimson, A. M. Higgins* and *H. A. Condit,* for appellant.

*J. W. Kern, L. O. Bailey, R. F. Stuart, E. Marsh* and *W. W. Cook,* for appellee.

HOWARD, C. J.—On the 3d day of June, 1895, the township trustees of Hancock county, under provisions of section 2 of an act entitled "An act to amend an act entitled 'An act to provide for a general system of common schools, etc.,' approved March 6, 1865, and adding supplemental sections thereto," approved March 8, 1873 (Acts 1873, p. 75; section 4424, R. S. 1881; section 5900, R. S. 1894), met at the office of the county auditor and elected the relator superintendent of schools for the ensuing term of two years.

The auditor refusing to make a record of such election, or to accept and approve the oath of office and bond tendered by the relator, and to report his name and address to the superintendent of public instruction, as required by said section of the statute, this suit was brought for mandate to compel the performance of such duties.

On the issue of the alternative writ the auditor made return thereto, admitting the truth of the matters therein charged, but said, by way of avoidance, that the said section of the statute of March 8, 1873, under which the relator claimed his election, had been repealed by an act of the General Assembly, in force March 9, 1895 (Acts 1895, p. 208); and that according to the provisions of said last mentioned act, the election of a county superintendent was postponed until the first Monday of September, 1895.

To this return a demurrer was sustained, after which judgment was rendered against appellant, and a peremptory writ issued.

The question to be decided is whether the act of March 9, 1895, is a valid law.

It is admitted by both parties to this appeal that the title and the enacting clause of the statute in question

are defective. The appellee insists that these defects, under repeated decisions of this court, are fatal to the validity of the law; while counsel for appellant argue that, notwithstanding the defects complained of, the intent of the Legislature in the enactment of the statute is manifest, and that this intent has been expressed in substantial compliance with the requirements of the constitution.

The title, together with the enacting clause of the act of March 9, 1895, reads as follows:

"An act to amend section 33 of an act entitled an act to provide for a general system of common schools, the officers thereof, and their respective powers and duties, and matters properly connected therewith, and prescribing the fees for certain officers therein named, and for the establishment and regulation of township libraries, and to repeal all laws inconsistent therewith, providing penalties therein prescribed, approved March 6, 1865, and added supplemental sections thereto, approved march 8, 1873, being section 4424 of the revised statutes of 1881, and declaring an emergency.

"Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That section 33 of the above entitled act, being section 4424 of the Revised Statutes of 1881, be and the same is amended to read as follows:

"Section 33. The township trustees of the several townships of each county shall meet at the office of the county auditor of such county on the first Monday of September, eighteen hundred and ninety-five, and biennially thereafter, and appoint a county superintendent, who shall be a citizen," etc.

Both in the title and in the body of the act it would thus appear that the Legislature expressed its intention to amend section 33 of the act of March 6, 1865. But it is agreed that said section 33 of the act of 1865 was

Boring, Auditor, *v.* The State, *ex rel.* Jackson.

amended by the act of March, 8, 1873, and has therefore not been in existence since the latter date.

"We think the question well settled by the decisions of this court," say counsel for appellant, "that a section of an act or statute as amended supersedes and takes the place of the section or statute amended; and the section, as it stood before such amendment, ceases to exist, and is effectually repealed and obliterated from the statute, and therefore not· subject to an amendment." Citing *Longlois* v. *Longlois*, 48 Ind. 60; *Blakemore* v. *Dolan*, 50 Ind. 194; *Feibleman* v. *State, ex rel.*, 98 Ind. 516.

Counsel, therefore, admit that so far as the act in question professes to be an amendment of the act of 1865 it is invalid, as being intended as an amendment of section 2 of the act of 1873, by which latter act the act of 1865 had been amended and superseded.

"But," say counsel, "both the title and body of the act of 1895 contain the descriptive phrase, 'being section 4424 of the revised statutes of 1881.'" And it is, hence, argued that this reference to section 4424 of the revised statutes is sufficient to identify and make definitely known the section intended to be amended.

In other words, while it is admitted that the act of 1895 does not refer to the title of the act to be amended, as required by article 4, section 21, of the constitution, yet it is contended that a reference to the corresponding section of the revised statutes will supply the deficiency. Counsel have not satisfied us by argument or citation of authority that the position thus taken is tenable.

In *Feibleman* v. *State, ex rel., supra*, where a like reference to a section of the revised statutes was relied upon to supply the place of a reference to the section of the statute to be amended, the direct contrary was held.

In that case, HAMMOND, J., speaking for the court, said: "But if it should be conceded that it was intended

by the act of 1883, in its reference to section 1418 of the revised statutes, to amend the first section of the act of 1867, it is proper to inquire whether such mode of statutory amendment has the sanction of the constitution. If the intention of the act of 1883 was not the amendment of the first section of the act of 1852, but the amendment of the first section of the act of 1867 [by which the act of 1852 had been amended], then all references in the title of said act of 1883 to said act of 1852 should be regarded as surplusage, and, when eliminated, the title of said act of 1883 would read: 'An act to amend section 1418 of the revised statutes, and declaring an emergency.' Would this be sufficient? In other words, may a section of the revised statutes of 1881, or a section of any other statute, be amended by merely naming the section sought to be amended without referring to the title of the act of which it forms a part?''

After an examination of the force and application of the constitutional provision in question (article 4, section 21), to show that in all cases it is necessary to refer to the title of the act to be amended, as well as to set out the act as revised or the section as amended, the learned judge continues:

''This construction gives meaning and force to each clause of section 21, *supra*, of the constitution, and its observance enables the Legislature to act understandingly in the amendment of statutes. If a section in the revision of 1881 may be amended by simply referring to it by number, so may a law of any session of the Legislature be amended in the same way by a title like this: 'An act to amend section 3, on page 46, of the acts of 1883.' This would lead to looseness and uncertainty in statutory amendments, which it was the main object of the constitutional provision under consideration to prevent. Section 19, of article 4, of the constitution pro-

vides that 'every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title.' And this 'title,' we think, under section 21, *supra,* must be referred to when any subsequent amendment of the act is made.''

Counsel criticise the Feibleman case as having ''put rather a strained construction on the constitutional provision above set out'' (article 4, section 21); but we are impressed with the soundness of the reasoning of the court, and see no sufficient cause to reject its authority.

Indeed, the attorney-general, who has filed a very candid brief in support of the act under consideration, admits that it is insufficient as an amendment of the act of 1873, in so far as it merely refers to the act of 1865 or to section 4424 of the Revised Statutes of 1881.

''It must, therefore, be taken as settled,'' says he, ''that so far as the act of 1895 attempts to amend the act of March 6, 1865, or section 4424 of the revision of 1881, it is inoperative and void as attempting to amend (a) something that was not in existence; (b) to amend a section without naming any title of the section sought to be amended.''

The attorney-general himself, however, advances a theory, based upon the words, ''and added supplemental sections thereto, approved March 8, 1873,'' in the title of the act of 1895, from which he argues the validity of the act.

We confess that we have found it difficult to follow the reasoning of the able representative of the State in this subtle argument. After expressly excluding, as we have seen, the reference to the act of 1865 and to section 4424 of the Revised Statutes of 1881, as insufficient to validate the act of 1895, he nevertheless says:

''The act of 1895 refers to section 33 of the act of March 6, 1865, with supplementary sections added, ap-

proved March 8, 1873, being section 4424 of the Revised
Statutes of 1881. A comparison of section 4424 with
section 2 of the amendatory act of March 8, 1873, will
disclose that they are one and the same thing, to wit:
section 33 of the act of March 6, 1865; not, it is true, as
originally enacted, but as amended March 8, 1873, and
that the title is as entirely within the reason of the con-
stitutional rule as was the title in the Bush case."
(*Bush* v. *City of Indianapolis*, 120 Ind. 476.)

This seems to us, we say it in all candor, a violent and
farfetched effort to attain what, we think, was intended
by the constitution to be a plain and evident identifica-
tion of a statute to be amended. We have not found, on
examination, that any of our decisions go so far as coun-
sel would thus have us go in upholding so strained a
construction of a plain constitutional provision.

In the case of *Bush* v. *City, supra,* upon which coun-
sel rely, the title of the amending statute (Acts 1889, p.
395) was absolutely correct, according to the severest
rules of construction. "It will be observed," said the
court in that case, "that the title to the act sets out at
full length the title of the act sought to be amended, re-
cites that it is the intention to amend section 6 of said
act, and that section 6 of said act is section 5317 of the
Revised Statutes of 1881."

While in the enacting clause the usual and proper
method would have been to enact, "that section 6 of the
above entitled act be amended so as to read as follows:"
yet as the title expressly stated that section 6 of said act
was section 5317 of the revised statutes, the court, recog-
nizing "that under our constitution it takes both the
title and the body of an act to constitute a valid law,"
and that both must therefore be construed together,
rightly concluded that it was a substantial compliance
with the constitution for the enacting clause to name

"section 5317 of the Revised Statutes of 1881," instead of its equivalent, "section 6 of the above entitled act."

In the act of 1895, however, there is not, either in the title or in the body of the act, any such identification of section 2 of the act of 1873, the section to be amended, with section 4424 of the revised statutes, the said section 2 of the act of 1873 not being even mentioned in the act of 1895.

We may observe, in addition, that this court has already, in two decisions, refused to consider the clause here referred to by the attorney-general as sufficient to sustain a like defective title and enacting clause, in a former attempt to amend this same section 2 of the act of 1873. By the act of March 9, 1875 (Acts 1875, Reg. Sess., page 131), it was attempted to amend the very section 2 of the act of March 8, 1873, which the act before us, that of March 9, 1895, also attempted to amend.

The title and enacting clause of the act of 1875 read as follows:

"An act to amend section thirty-three, etc., of an act entitled 'An act to provide for a general system of common schools, etc., approved March 6, 1865,' and adding supplemental sections thereto, approved March 8, 1873.

"Section 1. *Be it enacted, etc.,* That section thirty-three of said act be, and the same is, hereby amended so as to read as follows."

It will be seen that the title and enacting clause of the amendatory act of 1875 are substantially identical with those of the act of 1895. In both are found the clauses, "and adding [added] supplemental sections thereto, approved March 8, 1873," to which the attorney-general alludes as sufficient to save the act of 1895.

But, in *Board, etc.,* v. *Smith,* 52 Ind. 420, and again in *State, ex rel.,* v. *Harrison,* 67 Ind. 71, this court expressly held the act of 1875 void, as an attempt to amend the act

of 1873, for the reason that the act of 1865, and not that of 1873, was referred to in the title.

In a supplemental brief, additional counsel, appearing for the appellant, advance still another theory to the effect that, under the decisions of this court, it would have been sufficient if in the act before us the title had merely referred to section 33 of the act of 1865, omitting all reference to the amendatory act of 1873 or to section 4424 of the revised statutes of 1881.

In support of this contention *Bell* v. *Maish*, 137 Ind. 226, at page 229, is cited to show that "A title stating that an act is an act to amend a given section of another act sufficiently advertises the purposes of the amendatory act." We are at a loss to understand how this can help the act of 1895, the title of which does not state that the act is an act to amend any section in force at the time of the proposed amendment, but a section long before repealed.

Equally inapplicable is the quotation from *Fuller* v. *Cox*, 135 Ind. 46, where the title was not that of amendatory but of a supplemental act, supplemental also "to all acts amendatory" of the original act. So, in *Robinson* v. *City of Valparaiso*, 136 Ind. 616, there was no question as to the correctness of an amendment, but only as to which of two laws governed in a given case; and it was held that as the amendments had become a part of the original act, the act as so amended was the law of the case.

Counsel go even further, and in opposition to the concession of the attorney-general, and also to what we think evidently to be the law, say that "if the title of the act in controversy had simply stated that it was an act to amend section 4424 of the Revised Statutes of 1881, the purpose of the act would have been sufficiently advertised in the title."

This would certainly be a very loose method of revising and amending statutes, as is clearly shown in the Feibleman case, *supra.* Nor do we think, as counsel claim, that such a method is sanctioned in the case of *Bush* v. *City, supra.* There, as we have already said, the reference to the title of the old act was complete in the title of the new act. In addition, the number of the corresponding section of the revised statutes was given. Afterwards, in the body of the amendatory statute, the section of the revised statutes, so identified in the title, was used instead of the section of the act to be amended. Construing the title and the body of the amendatory act together, it was held that the section to be amended was thus identified substantially as required by the constitution.

Here it is not section 2, or any other section of the act of 1873, but section 33 of the act of 1865, a repealed section, that is identified with a section of the revised statutes.

Unless the current of our decisions as to the amendment of statutes is to be turned aside, and many well considered cases overruled, we must hold that an amendatory act, as that of March 9, 1895, which wholly fails to refer to the act to be revised or the section to be amended, is, under the constitution, void.

Nor is it enough that the statute to be amended be identified; it must be identified substantially in the manner provided for in the constitution, as the same has been interpreted by an unbroken line of the decisions of this court.

The judgment is affirmed.

Filed Aug. 30, 1895.

## CONCURRING OPINION.

HACKNEY, J.—The question presented by the record is as to the constitutional validity of the act of the General

Assembly, passed March 9, 1895 (Acts 1895, p. 208). The general school law of March 6, 1865, in section 33 thereof, provided for the selection of a school examiner (Acts 1865, p. 13). In 1873 that section of the act of 1865 was amended and supplemental sections were added to said act (Acts 1873, p. 75, section 2). By that amendment the office of county superintendent was substituted for that of school examiner, and appointments to that office were provided for. By the act of 1895 it was attempted to change the time for the appointment to said office, and the act was entitled as follows: ''An act to amend section 33 of an act entitled '*An act to provide for a general system of common schools, the officers thereof, and their respective powers and duties, and matters properly connected therewith, and prescribing the fees for certain officers therein named, and for the establishment and regulation of township libraries, and to repeal all laws inconsistent therewith, providing penalties therein prescribed.*' Approved March 6, 1865, and added supplemental sections thereto, approved March 8, 1873, being section 4424 of the Revised Statutes of 1881, and declaring an emergency.''

The words italicized constitute the title to the act of 1865. If we consider, in connection with the preceding language of the title, the words ''and added supplemental sections thereto, approved March 8, 1873,'' as a part of the title to the act which it was intended to amend, we are met with the fact that no act of 1873 bears a title in the words so connected. There are two acts of March 8, 1873, which amend the act of 1865, and add supplemental sections thereto. (See Acts 1873, p. 68; Acts 1873, p. 75.) The titles of the two acts of 1873 are identical, and aside from the references to section 33, and to R. S. 1881, section 4424, the title of the act of 1895 would refer with like certainty to either. But

besides the uncertainty arising from the likeness of the titles of the two acts of 1873, the title of the act of 1895 becomes more ambiguous when we recall the fact that its language omits from that of the title of either of the acts of 1873 the words: "An act to amend an act entitled," and it substitutes the word "added" for the word "adding" as employed in each of the titles of 1873. As applied to either of the acts of 1873, the title of that of 1895, purporting to amend section 33, and the enacting clause, directing the amendment to "section 33 of the above entitled act," we are confronted with an impassable barrier in the fact that the first of the acts of 1873 contains but fifteen sections, while the second contains but eleven.

If we accept the language of the title and that of the enacting clause as expressing an intention to amend section 33 of an act, the title of which is given, there is no escape from the conclusion that such act is that of 1865 since the title to no other act is given and since it is found that no other act to which reference could have been possible contained a "section 33." But, as if to add confusion to the already existing ambiguities, the title includes the additional words, "being section 4424 of the Revised Statutes of 1881." Can these words be employed to give direction to the act which it was desired to amend and by them to determine that an intention which we do find expressed in the title and in the enacting clause shall not prevail? This question has been answered in the negative by the case of *Feibleman* v. *State, ex rel.*, 98 Ind. 516, where the amendatory act was, by its title, directed to a section of an act which had been previously amended, but it contained a further direction, to wit, "being section 1418, of the Revised Statutes," which section of the statutes was from the act so previously amending the original act. It was held

that the constitutional method of designating the act to be amended was by reference to its title and not by reference to a section of the revised statutes, that sections 19 and 21, article 4, of the constitution (R. S. 1894, sections 115, 117), require amendatory acts, like original acts, to express their subject in a title by uniform method and with freedom from looseness and uncertainty, and that this is accomplished by reference to the title of the act to be amended and never by reference to a section in the revised statutes. Besides the departure from the constitutional method of amending, it is a well known fact that revisions of the statute laws are not always by legislative authority or recognition, and many times laws are incorrectly copied into the revised editions. In this instance it will be seen that there are no less than four changes in the phraseology in the act of March 8, 1873, by the revisors, in carrying section 2 into the R. S. 1881, section 4424.

Returning, therefore, to the other portions of the act we find authority for the construction that the amendment was legally directed to section 33 of the act of 1865. *Blakemore* v. *Dolan*, 50 Ind. 194; *Board, etc.,* v. *Smith*, 52 Ind. 420; *State, ex rel.,* v. *Harrison*, 67 Ind. 71.

In *Board, etc.,* v. *Smith*, *supra*, and in *State, ex rel.,* v. *Harrison*, *supra*, construction was given to an act of March 9, 1875 (Acts 1875, p. 131), the title of which was as follows: "An act to amend sections thirty-three, thirty-seven and forty-three, and supplemental section six, of an act entitled 'An act to provide,'" etc., continuing with the title of the act of March 6, 1865, to which we have referred, and concluding with the words "and adding supplemental sections thereto, approved March 8, 1873."

It was expressly held that the amendment was directed to the act of 1865, and not to the amendatory act of 1873.

When the act then in question is compared with that now in question it will be seen that, aside from the ambiguities of the act of 1895, to which we have referred, the questions presented in those cases and in this are identical.

In *Blakemore* v. *Dolan,* the decision involved attempted amendments to this act of 1865, and in one view of the present case is decisive of the question. There the fifth section of the act of 1865 had been amended in 1873 (Acts 1873, p. 68), and in 1875 (Acts Reg. Sess., 1875, p. 135) an act was passed, the title of which designated for amendment section 1 of said act of 1873, which had so amended section 5 of the original act, but it was enacted "that section 5 of the above recited act be amended," etc.

In section 1 of the act of 1873 the amended section stood by the original section, number 5, as in the present case the amendatory section 2 attempts to amend the original section to stand as section 33. In that case the second amendatory act was held to apply to the first act and not to the act of 1873. So we must hold in this case. The amendment having been directed to a law which had been superseded by an amendment, was void, the first amendment having taken the place of the original law. *Hall* v. *Craig,* 125 Ind. 523; *Feibleman* v. *State, ex rel.,* 98 Ind. 516; *McIntyre* v. *Marine,* 93 Ind. 193; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *State, ex rel.,* v. *Harrison, supra; Ford* v. *Booker,* 53 Ind. 395; *Board, etc.,* v. *Smith, supra; Blakemore* v. *Dolan, supra; Longlois* v. *Longlois,* 48 Ind. 60; *Board, etc.,* v. *Markle,* 46 Ind. 96; *Draper* v. *Failey,* 33 Ind. 465.

If we should deny the correctness of the construction made in *State, ex rel.,* v. *Harrison* and *Board, etc.,* v. *Smith,* thereby overruling those cases, and should accept the contention that the amendment was directed to the

first amending act and not to the original act, we would but the more certainly condemn the act of 1895 by holding the act of 1873 to have been superseded by that of 1875, which attempted to amend said section 33 of the act of 1865.

Whether treated *as* an attempted amendment of the act of 1865 or by the constitutional rule for the amendment of laws, as clearly pointed out in *Feibleman* v. *State, ex rel., supra,* or from a duty to identify with reasonable certainty the act to be amended, the act of 1895, in my opinion, is invalid.

Filed Aug. 30, 1895.

## DISSENTING OPINION.

JORDAN, J.—I can not concur in the result reached in the opinion of the majority of this court, and adjudge that the statute in controversy is invalid. The law is assailed upon the alleged grounds that the legislative body neglected to duly observe the forms required by the constitution of this State, which are necessary to give validity to amendatory acts.

Section 19 of article 4 of the constitution provides:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

Section 21 of same article provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth and published at full length."

It is evident that in the passage of the statute involved in the case at bar, the latter section of the constitution above cited was not violated, as no attempt was made to revise an act or amend a section by mere reference to its title. The section amended was set forth and published at length.

But it is contended by the learned counsel for appellee that the statute in question was an attempt upon the part of the Legislature to amend the original section 33 of the act of March 6, 1865, and that consequently the act resulted in amending this section, which had been amended by an act approved March 8, 1873, and was, therefore, not in existence. In my judgment this contention can not be sustained. Of course it is conceded as a settled principle of law that where a section of a statute has been amended it no longer exists in its original form, but is superseded by the section as amended.

The title of the act of 1895 reads as follows:

"An act to amend section 33 of an act entitled 'An act to provide for a general system of common schools, the officers thereof, and their respective powers and duties, and matters properly connected therewith, and prescribing the fees for certain officers therein named, and for the establishment and regulation of township libraries, and to repeal all laws inconsistent therewith, providing penalties therein prescribed.' Approved March 6, 1865, and added supplementary sections thereto, approved March 8, 1873, being section 4424 of the Revised Statutes of 1881, and declaring an emergency."

If it was not intended to amend section 33, as it existed by virtue of the amendment of 1873, and as it had been incorporated into section 4424, R. S. 1881, why did not the draughtsman of the bill of 1895 end its title after reciting that of the act of 1865? Why continue with the words, "and added supplementary sections thereto. Approved March 8, 1873, being section 4424 of the Revised Statutes of 1881?"

These words are in the title, and are there to serve a purpose, namely: to advertise that it was the intention to amend section 33 as amended by the act of March 8, 1873, and as it had been set forth and published in sec-

tion 4424 of the revision of 1881.    Force and effect must be given to these words by courts.    They can not be waved aside or discarded.

In Cooley Constitutional Limitations, pages 57 and 58, it is said:

"It is not to be supposed that any words have been employed without occasion or without intent, that they should have effect as part of the law.    The rule applicable here is that effect is to be given if possible to the whole instrument, and to every section and clause."

By giving the proper force and effect to these words, and to those employed in the enacting part of the act, to wit:

\"That section 33 of the above entitled act, being section 4424 of the Revised Statutes of 1881, be and the same is amended to read as follows, etc."

It is apparent, I think, that the Legislature intended to, and did, amend section 33, as amended by the amendatory act of March 8, 1873, and that there was no intention or attempt to amend the original section 33 of the act of 1865; and that this legislative purpose was sufficiently advertised in the title of the act in question.

In the case of *Bell* v. *Maish,* 137 Ind. 226, on page 229 of the opinion, the court said:

"We think that a title stating that an act is an act to amend a given section of another act sufficiently advertises the purposes of the amendatory act, which is the chief object of the constitutional provision."

If the object of the title is to advertise the purpose of the bill, it must be evident that every member of the last General Assembly of ordinary understanding was, by the title to the act in question, notified that its purpose was to amend section 33, as amended, and not the section as it originally existed.    If any doubts had arisen in the minds of the assemblymen they would

have been removed by the words, being section 4424 of the Revised Statutes of 1881, as used in the title, and also in the enacting clause of the statute. For, upon an examination, it would have been found that section 4424, R. S. 1881, was section 33 of the act of 1865, as amended. Much stress is placed by counsel for appellee upon the decision of *Feibleman* v. *State, ex rel.*, 98 Ind. 516.

But that case is easily distinguished from the one now before the court. In the title of the act considered in the Feibleman case, it was declared to be an "act to amend section 1, etc., of an act approved June 9, 1852, being section 1418 of the revised statutes." There was in no manner any reference to the amendatory act of 1867, and the enacting clause read:

"Be it enacted, etc., that section 1 of the above entitled act be amended to read as follows," etc. Section 1418 of the revision being entirely omitted.

HAMMOND, J., in the opinion, on page 519, said:

"Our conclusion after careful consideration, is that the object of the act of 1883 was to amend the first section of the act of 1852. The reasons for this are apparent both in the title and body of the act of 1883. The title of the act of 1883 sets out *verbatim* the title of the act of 1852, giving the date of its approval, specifies that it is an act to amend the first section of said act of 1852, and makes no reference by quotation, date, or otherwise, to the amendatory act of 1867. And then, after the enacting clause, the first section of the act of 1883 provides, 'that section 1 of the above entitled act' (the act of 1852) 'be amended to read as follows, etc.' "

The reasons for the conclusion reached in the above case, that the object of the act of 1883 was to amend the first section of the act of 1852, are stated by the court to be based upon the fact that the former act set out *ver-*

*batim* the title of the latter, and made "no reference by quotation, date or otherwise, to the amendatory act of 1867." But this objection can not be successfully urged against the title of the statute now in question for the reason that it does refer to the amendatory act of 1873, by the words "and added supplementary sections thereto, approved March 8, 1873, being section 4424, etc." It is seen that the title of the act, after quoting a part of the amendatory act of 1873, which it proposed to amend, also referred to and gave the date of its approval, and then in order that all members of the Legislature and others concerned might be fully apprised of the purpose or object of the bill, the section of the revised statutes was given. This undoubtedly made the title certain to a common intent. It is· well settled that in the construction of statutes, as well as of contracts, "that which can be made certain, is certain."

By an act of the General Assembly approved April 18, 1881 (Acts of 1881, page 605), provisions for the revision and publication of the statutes of this State were made. Section 3 of this act provided that the commissioners should annotate the contents of the volumes so as to show by proper reference the acts or sections, the time when they went into force, etc.

Section 4 provided that the volume should be known as "The Revised Statutes of 1881." It therefore appears that both the title and the enacting clause of the act in controversy employed the legally authorized name by referring to the "Revised Statutes of 1881." By an examination of section 4424, R. S. 1881, the authorized annotation will be found. At the head of this section are the words ("1875, page 75. In force March 8, 1873"). Following the number of the revised section are the words "county superintendent," and the numerals "33." By these annotations it clearly appears that this

section, 4424, will be found on page 75 of the Acts of 1875, and that it went into force March 8, 1873, and that it is numbered section 33 in the statute with which it is connected. By turning to the acts of 1875, page 75, we find that section 33, of the act of 1865, was amended by section 2 of an act approved March 8, 1873, and that this section as amended by section 2 of this amendatory act is section 4424 of R. S. 1881. Here we find a fair illustration of the maxim above mentioned, "that which can be made certain, is certain."

The conclusion, to my mind, is irresistible, that by considering the words used in the title in question, to wit: "Added supplementary sections thereto, approved March 8, 1873, being section 4424 of the Revised Statutes of 1881," together with the body of the act, that the purpose of the act, namely, to amend section 33 as amended by the act of 1873, is apparent, and that this object was sufficiently advertised and made evident within the aim and spirit of the constitutional provision. The title and body of the act supplied the means, and all that was necessary was to make an examination in order to render the purpose of the act certain.

In the case of *Shoemaker, Aud.,* v. *Smith,* 37 Ind. 122, (131), the court says: "There was no need of stating the date of the approval of the amended law. This is usually but not necessarily done, and the omission can be of no consequence if the law intended to be amended is pointed out with such reasonable certainty as to identify it."

In the case of *Clare* v. *State,* 68 Ind. 17, the amendatory statute considered by this court recited, or declared, in its title, and also in its enacting clause, that it was intended to amend section 74, while in fact it was intended to and did amend section 36. This act was upheld.

Howk, C. J., speaking for the court, on page 25 of the opinion, said: "But we do not understand that this court is bound, in the interpretation and construction of a statute, to take the words used therein in their plain, exact and literal sense. On the contrary, the true rule is, and always has been, as recognized in · many decisions of this court, to make the legislative intention in the enactment of the particular statute, the chief guide of the court in its interpretation and construction. If the object, purpose and intention of the Legislature, in the enactment of the particular statute, can be fairly ascertained and arrived at, then it is the duty of the court to overlook and disregard all apparent inaccuracies and mistakes in the mere verbiage or phraseology of the statute, and, if possible, to give force and effect to the evident reason, spirit and intention of the law. This, we think, is the true and only safe rule for the guidance of the courts in all statutory exposition and construction, and, as such, it has been recognized and acted upon by this court, in a large number of its reported decisions."

As said in *Bush* v. *City of Indianapolis*, 120 Ind. 476 (which decision supports our views): "The power of the courts to declare a statute unconstitutional is a high one, and is never exercised in doubtful cases. To doubt is to resolve in favor of the constitutionality of the law."

An act of the Legislature is not to be declared unconstitutional unless it is clearly, palpably and plainly in conflict with the constitution. *Henderson, Aud.*, v. *State, ex rel.*, 137 Ind. 552.

It must be presumed that the General Assembly of 1895 constructively knew that section 33, as it originally stood, had been amended, and thereby had been superseded by section 33 as amended. By the means of the descriptive words employed in the title and act itself, actual knowledge was brought to that body of that fact.

It can not be presumed that the Legislature intended to enact an invalid statute.

It is well settled that a section of a law amended is incorporated into, and becomes a part of, the original act, and stands as and for the original section on and after the date of the taking effect of the amendatory law. The section, as amended, does not appear in section 4424, R. S. 1881, as section 2 of the amendatory act, but as section 33 of the act as amended.

While it may be admitted that the title of the act is not skillfully drafted, nevertheless this will not authorize a court to strike down a statute. If it did, many acts of the law-making power would meet with judicial condemnation.

With all due deference to the judgment of my associates, I am of the opinion that the validity of the statute ought to be sustained and the judgment below reversed.

