Filed April 14, 1896.

---

No. 17,767.

## Stony Creek Township *v.* Kabel et al.

Partition Fence.—*Statute Construed.*— The provision of the act of June 4, 1852, section 16, as amended, that if either of two adjoining owners fail to maintain his portion of the partition fence, as provided for "in the preceding section," it can be repaired by the township and the cost made a lien on his land, became ineffective when such preceding section was made void by a second amendment in violation of the constitution.

STATUTE.—*Amendment of Section Previously Amended.—Void.*—An act purporting to amend a section of an act which has previously been amended is unconstitutional and void.

From the Randolph Circuit Court.

*Thompson & Canaday* and *F. C. Focht,* for appellant.

*S. A. Canada, E. L. Watson* and *C. L. Watson,* for appellees.

McCABE, J.—The appellant sued the appellee, Philip Kabel, to recover the cost of rebuilding a partition fence between the lands of said Kabel and the lands of the other appellee, Willard Haynes, and the foreclosure of a lien therefor on the said lands of said Kabel, under the provisions of sections 6564 and 6565, R. S. 1894. The sections were enacted March 9, 1891 (Acts 1891, p. 399), as amendments to sections 15 and 16 of an act approved June 14, 1852, defining a lawful partition fence, etc., and being sections 4848 and 4849, R. S. 1881. The circuit court sustained a demurrer to the complaint, and the plaintiff failing to plead over, the appellee, Kabel, had judgment upon demurrer. The appellant assigns error upon this ruling. The point made in support of the ruling is that said section 15 had been previously amended, to-wit: by the act approved December 19, 1865, p. 182, and this we find to be true, and for that reason the act of 1891, assuming to amend it again, appellee contends, was void, because it was not in existence to amend. And further, that the amended section 16 depends entirely for its force and effect upon the existence of the amended section 15.

It is the settled law in this State that an act purporting to amend a section of an act that has heretofore already been amended is unconstitutional and

void. *Feibleman* v. *State, ex rel.,* 98 Ind. 516; *Boring,* v. *State, ex rel.,* 141 Ind. 640, and cases there cited. The 16th section provides that "if either party fail to maintain his or her portion of such fence as provided for in the preceding section," etc., then the right to call on the trustee of the township to rebuild or repair the same is created, making the cost thereof a lien on the land of the failing owner, to be enforced as other liens are enforced.

But if there is no preceding section, as we hold there is not, providing for the maintenance of partition fences equally by the owners or occupants of lands on both sides, then there is nothing for section 16 to apply to. It being thus dependent on the existence and force of the other section of the act, and that section being unconstitutional and void, the whole must fall.

The circuit court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

