The **CITY OF EVANSVILLE, Indiana Common Council of the City of Evansville, Indiana; Roger Lehman, as Building Commissioner of the City of Evansville, Indiana and Vanderburgh County; and the Area Plan Commission of Evansville and Vanderburgh County, Appellants,**

v.

Dennis **FEHRENBACHER, Robert Fehrenbacher, Alan Powers and Melvin Fulner, Appellees.**

No. 82A04–8707–CV–206.

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1987.

Kevin W. Winternheimer, Evansville, for appellants.

Leslie C. Shively, Johnson Carroll and Griffith, Evansville, for appellees.

MILLER, Presiding Judge.

Plaintiffs Dennis Fehrenbacher, Robert Fehrenbacher, Alan Powers, and Melvin Fulner (hereinafter collectively Owners) brought this action in the Vanderburgh Superior Court to compel the Common Council of the City of Evansville to grant a variance so that they could construct a car wash. The Owners named the City of Evansville; the Common Council of the City

of Evansville; Roger Lehman, Building Commissioner of the City of Evansville, and Building Commissioner of Vanderburgh County; and the Area Plan Commission of Evansville and Vanderburgh County (hereinafter collectively Evansville) as defendants in this action. The trial court held that a tie vote by the Council on a zoning change ordinance application and the failure of the Council to grant or deny the ordinance for a period of ninety days required the granting of the ordinance under IND. CODE 36–7–4–608(f). The trial court therefore granted summary judgment in favor of the Owners. Evansville appeals, alleging the trial court erroneously determined that the Council failed to act on the Owners' petition. We affirm.

## FACTS

The parties have stipulated as to the facts relevant to this case. The Owners owned property, zoned for multi-family residential use, in the City of Evansville. They petitioned the Council requesting that the property be rezoned from multi-family residential (R–3) to commercial (C–4) so they could construct a car wash. The Council referred their petition to the Area Plan Commission for review. The Plan Commission, with four members abstaining, voted to nine to zero in favor of the ordinance petition.

Upon the Plan Commission's approval of the petition, the petition and the rezoning ordinance were certified by the Commission and returned to the Council for second and third reading at the Council's August 18, 1986 meeting. The Council consisted of nine members, eight of whom were present at the September 15 meeting. The eight members present voted four in favor of the ordinance and four opposed. Pursuant to city ordinances requiring a majority vote, for any ordinance to be approved, the Council deemed the ordinance denied. The ordinance was never again considered after the September 15 meeting.

## DECISION

■ Evansville brings two issues for our review, which we will consolidate into the single issue of whether the tie vote constituted denial of the ordinance, or a failure to act on the ordinance. We find the tie vote constitutes a failure to act.

This case hinges on the interpretation of two sections of the Indiana Code. At the time the Council considered the Owners' proposed ordinance, I.C. 36–7–4–608(f) provided:

"This subsection applies if the proposal receives a favorable recommendation from the plan commission.
"(1) At the first regular meeting of the legislative body after the proposal is certified under section 605 of this chapter (or at any subsequent meeting within the ninety (90) day period), the legislative body may adopt or reject the proposal. The legislative body shall give notice under I.C. 5–14–1.5–5 of its intention to consider the proposal at that meeting.
"(2) If the legislative body adopts (as certified) the proposal, it takes effect as other ordinances of the legislative.
"(3) If the legislative body rejects the proposal, it is defeated.
"(4) If the legislative body fails to act on the proposal within ninety (90) days after certification, the ordinance takes effect as if it had been adopted (as certified) ninety (90) days after certification." [1]

The second section provided:

"A legislative body may take action under Section 606, 607, or 608 of this chapter only by a *vote of at least a majority of all the elected members of the body.*" I.C. 36–7–4–609(b).

Evansville argues that these sections do not require that majority of the members of the Council vote either in favor of the ordinance or against the ordinance. Rather, Evansville asserts these sections merely require that a majority of the Council vote on the issue. Simply stated, Evansville is arguing that this section merely requires a quorum vote on the ordinance. When the vote results in a tie, as here, the Council would have acted upon the ordinance in compliance with the statute since eight (more than a quorum) of the nine Council members voted.

1. This section was amended after the occur-     rence of the events at issue in this case.

It is clear Evansville is mistaken. Evansville has been unable to cite, and we have been unable to find, any authority for the proposition that the words "vote of at least a majority" merely established the requirement that a quorum vote on the issue. Our research has revealed that such language has been interpreted consistently to require that either the affirmative of the proposition receive more votes than the negative, or that the negative receive more votes than the affirmative. *See* 26 Words and Phrases *Majority* and cases cited therein.

Traditionally, the common law has required a majority of a quorum vote in favor of an ordinance to pass it, or against an ordinance to defeat it. *See State ex rel Walden v. Vanosdal* (1892), 131 Ind. 388, 31 N.E. 79; *Rushville Gas Co. v. City of Rushville* (1889), 121 Ind. 226, 23 N.E. 72. This rule has been reaffirmed recently in Indiana. *Board of School Trustees of South Vermillion School Corporation v. Benetti* (1986), Ind.App., 492 N.E.2d 1098. The legislature is, of course, free to provide that majorities greater than a majority of the quorum are necessary in certain instances. *Id.* In *Benetti*, for example, the South Vermillion school board met with five of its seven members in attendance. The board, by a vote of three to two, voted to hire Benetti for the following year. Shortly thereafter, all seven members met and voted not to employ her. The First District was called upon to decide whether the common law rule requiring a majority vote of a quorum governed by board's action, or whether a rule of law requiring a majority vote of all the members of the board governed its actions. Judge Ratliff, writing for the court, held that a majority of the quorum was all that was required because the Legislature had not provided specific language requiring a majority of all the members of the board. He cited, as an example of specific language requiring a majority of all the members, the statutes governing quorums and majority votes for cities and counties. The statute governing quorums for city councils defines a quorum as "[a] majority of all the elected members of the legislative body...." I.C. 36–4–6–

10. The statute governing the requisite votes in city legislative bodies states:

> "(a) A requirement that an ordinance, resolution, or other action of the legislative body be passed by a majority vote means at least a majority vote of all the elected members.
> "(b) A requirement that an ordinance, resolution, or other action of the legislative body be passed by a two-thirds (⅔) vote means at least a two-thirds (⅔) vote of all the elected members." I.C. 36–4–6–11.

Similarly, the statute governing county quorums states:

> "(a) A majority of all the elected members constitutes a quorum, except as provided by subsection (b).
> "(b) A county fiscal body may, by a two-thirds (⅔) vote, adopt a rule specifying that a certain number of members greater than a majority constitutes a quorum." I.C. 36–2–4–3.

Finally, the statute governing county votes states:

> " 'Majority vote' and 'two-thirds vote' defined. (a) A requirement that an ordinance, resolution, or other action be passed by a majority vote means at least a majority vote of all elected members.
> "(b) A requirement that an ordinance, resolution, or other action be passed by a two-thirds (⅔) vote means at least a two-thirds (⅔) vote of all the elected members." I.C. 36–2–4–4.

The court concluded the language of these statutes created specific requirements which modified the traditional common law majority requirements. This language is almost identical to the language at issue here:

> "A legislative body may take action under Section 606, 607, or 608 of this chapter only by a *vote of at least a majority of all the elected members of the body."* I.C. 36–7–4–609(b).

*Benetti* convinces us the Legislature, in using this language, intended to provide a specific means by which the Council could act. Regardless of whether a majority of the quorum, or some greater majority, is required, it is clear that a requirement of any type of majority is a requirement that,

on any given question, either the affirmative receive more votes than the negative, or the negative receive more votes than the affirmative.

Here, I.C. 36–7–4–608 contemplates three possibilities: the Council can adopt the ordinance, reject the ordinance, or fail to act on the ordinance. In I.C. 36–7–4–609, the Legislature provided that the Council could act—adopt or reject the ordinance—by a vote of the majority of the members of the board. In other words, the statute provides that some greater portion of the relevant group of Council members must vote in the affirmative to adopt the ordinance, or vote in the negative to reject the ordinance. Since the affirmative did not receive a greater portion of the votes than the negative, the ordinance was not adopted. Since the negative did not receive a greater portion of the votes than the affirmative, the ordinance was not rejected. The Council failed to act on the issue and, under I.C. 36–7–4–608(f)(4), the proposed ordinance became law when the Council did not remedy this failure to act within the prescribed ninety day period.

Because our legislature provided specific methods for the consideration of these ordinances, Evansville was not free to adopt rules purporting to govern the methods of consideration. *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853; *City of Indianapolis v. Fields* (1987), Ind.App., 506 N.E.2d 1128.[2] The trial court correctly refused to give effect to Evansville's attempts to change the statutory procedure.

Evansville failed to act on this ordinance. It therefore became law after the expiration of the ninety day period mandated by I.C. 36–7–4–608(f)(4). We therefore find no error and affirm the trial court.

Affirmed.

BUCHANAN and NEAL, JJ., concur.

2. Additionally, we would note the home rule statute itself, I.C. 36–1–3–6, prohibits a local government unit from adopting ordinances which conflict with state statutes:

"If there is a constitutional or statutory provision requiring a specific manner for exercising a power, a unit wanting to exercise the power must do so in that manner."